IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JUN - 4 2008

Ronald Gibson,                    )
      Plaintiff,                 )
                      )
                      )
v.                                )          1:07cv620 (CMH/TCB)
                      )
Dr. R. Huzek,                     )
      Defendant.                 )

MEMORANDUM OPINION AND ORDER

Ronald Gibson, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, against Nottoway Correctional Center ("NCC") dentist Dr. R. Huzek.  On February 11, 2008, Huzek filed a Motion to Dismiss, memorandum in support of that Motion, and Notice pursuant to Local Civil Rule 7(K) and the Fourth Circuit's decision in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  Then, on February 21, 2008, plaintiff filed a letter with the Court in which he requests the appointment of counsel and states that he is unable to respond to defendant's Motion.[1]  For the following reasons, defendant's Motion to Dismiss with be granted and plaintiff's Motion for the Appointment of Counsel will be denied as moot.

### I. Background

In the instant complaint, plaintiff alleges that while incarcerated at the NCC, he went without dentures for twenty-two months.  As a result, plaintiff alleges that he was not able to eat properly and experienced pain from his bleeding and swollen gums, severe stomach aches as a result of having to swallow his food whole, and the inability to eat for days at a time.  Plaintiff alleges that he made several written requests to an unspecified person or persons asking to have dentures made.  He

---

[1] Specifically, plaintiff wrote, "I can not read whot the lawyer sent me because I am iliterate I have a second grade education Can you aptoint me a lawyer I can not do this on my own."

claims that in response to his requests, he was informed that he was scheduled, but states that his complaints were not answered. Plaintiff asserts that "[t]he failure to provide reasonably prompt attention to [his] not having any teeth and not being able to eat properly is cruel and unusual punishment."

## II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." A Motion to Dismiss under Rule 12(b)(6) tests the sufficiency of a complaint and does not resolve contests surrounding the facts, the merits of a claim or the applicability of defenses. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1990). In considering such a Motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. See Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Additionally, all reasonable inferences must be made in plaintiff' favor. See Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face," rather than one that is merely "conceivable." Bell Atlantic Corp. v. Twombly, – US – , 127 S.Ct. 1955, 1965, 1974 (2007).

## III. Analysis

A. Exhaustion

In prisoner suits challenging conditions of confinement, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 126 S.Ct. 2378, 2387 (2006)

2

(requiring complete exhaustion of correctional facility administrative remedies).  To satisfy §

1997e(a)'s requirement of exhaustion, a prisoner must give his correctional institution a "full

opportunity to consider the grievance," by complying with the institution's procedural requirements

for filing grievances.  Woodford, 126 S.Ct. at 2389 (finding a grievance unexhausted if the prisoner

did not comply with the institution's procedural requirements).  An inmate is not required to allege

or demonstrate that he has exhausted his administrative remedies.  Jones v. Bock, — U.S. —, 127

S.Ct. 910, 913 (2007); Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir.

2005).  Rather, prison officials have the burden of pleading and proving that the inmate had available

remedies which he did not exhaust.

In the Motion to Dismiss, defendant takes the position that the complaint should be dismissed

because plaintiff failed to demonstrate that he exhausted his institution's administrative remedies

prior to filing this lawsuit.  Specifically, defendant argues that "[p]laintiff has twice been given the

opportunity by this Court to address the issue of whether he has exhausted his administrative

remedies through the grievance procedure before filing this action[2] ... Plaintiff has nevertheless never

shown that he exhausted his administrative remedies as required."  Mem. in Supp. of Mtn. 3 - 4.

Although defendant correctly points out that plaintiff did not submit copies of the records of any

NCC administrative grievance proceedings, defendant's assertion that plaintiff failed to comply with

---

[2] Based on plaintiff's responses to the questions on the standard § 1983 form, it appeared to
the Court that plaintiff had not filed a formal grievance with prison officials at the NCC.
Accordingly, by Order dated August 3, 2007, plaintiff was directed to submit evidence of exhaustion
of his administrative remedies.  In response, plaintiff submitted a verified statement indicating that
he exhausted his administrative remedies by appealing his claim to the highest level of the NCC's
administrative grievance procedure.  Plaintiff did not submit any copies of the records of these
proceedings.  Accordingly, by its October 2, 2007 Order, the Court noted that it was still unclear
whether plaintiff had properly exhausted his administrative remedies and invited defendant to
address the exhaustion issue in its response.

the Court's August 3, 2007 Order requiring the submission of such evidence is not the equivalent of a claim that plaintiff has failed to exhaust his administrative remedies in this case. Moreover, defendant has not provided any affidavits or other prison records which would bear on the question of whether plaintiff failed to give the NCC a "full opportunity" to consider his grievance. Accordingly, the Court declines to grant the Motion to Dismiss on this basis and will consider the merits of plaintiff's claim, without deciding whether he properly exhausted his administrative remedies under 42 U.S.C. § 1997e(a).

B. Inadequate Dental Care

Although district courts have a duty to construe pleadings by pro se litigants liberally, a pro se plaintiff must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D.Va. 1999). To state a cause of action under § 1983, plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, each named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against them. Liberally construed, plaintiff is claiming that his Eighth Amendment rights were violated when he was not provided with dentures for twenty-two months, which caused him pain and difficulty with eating and digestion.

To state a claim of inadequate medical care that rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105 (1976); see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D.Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical

4

need. Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege and demonstrate "[d]eliberate indifference ... by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see Estelle, 429 U.S. at 106. In other words, a plaintiff must allege facts demonstrating that defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851 (citation omitted).

Assuming that plaintiff's lack of dentures for twenty-two months constituted a serious medical need, plaintiff has failed to allege facts sufficient to demonstrate that defendant Huzek was deliberately indifferent to that need. Plaintiff does not point to any act or omission on the part of defendant Huzek that would indicate that he provided constitutionally inadequate dental or medical care. Moreover, although plaintiff complains that he was without dentures for twenty-two months, there is nothing in the complaint to suggest how or in what manner, if at all, defendant Huzek was in any way responsible for or contributed to this delay. As such, plaintiff has failed to allege facts sufficient to show that the dental care he received from Huzek was constitutionally inadequate. Accordingly, defendant's Motion to Dismiss will be granted.[3]

## IV. Appointment of Counsel

Plaintiff has submitted a Motion for Appointment of Counsel. Although courts have the statutory authority to appoint counsel for plaintiffs proceeding in forma pauperis, the Fourth Circuit has cautioned that this power should be limited to "exceptional circumstances," such as cases with

---

[3] Because the Court is dismissing plaintiff's complaint for failure to state a claim, it is not necessary to address defendant's third argument that dismissal is appropriate because of the doctrine of qualified immunity.

particularly complex factual and legal issues or with a litigant who is unable to represent himself adequately. <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984). While plaintiff contends that he is unable to represent himself adequately, because he has failed to state a claim, his Motion for the Appointment of Counsel will be denied as moot.

Accordingly, it is hereby

ORDERED that defendant's Motion to Dismiss (Docket # 14) be and is GRANTED; and it is further

ORDERED that the complaint (Docket # 1) be and is DISMISSED WITH PREJUDICE; and it is further

ORDERED that plaintiff's Motion for the Appointment of Counsel (Docket # 16) be and is DENIED as moot.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. <u>See</u> Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to enter judgment in favor of defendant Huzek, pursuant to Fed. R. Civ. P. 58, and to send a copy of this Memorandum Opinion and Order to plaintiff and counsel of record for defendant.

Entered this 4th day of June 2008.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia

6